His Honor, thinking that these facts did not prove that the defendant executed the bond, nonsuited the plaintiff, who appealed.
It appears from the transcript that the plaintiff instituted (59) this action to recover from the defendant the amount due upon his bond alleged to have been destroyed, by him, and was nonsuited on the trial because, in the opinion of the presiding judge, no testimony was offered of the execution of the instrument declared upon. The question presented for our decision is whether the testimony stated to have been offered was competent to show the execution of the bond, and therefore fit to be passed upon by the jury.
When the execution of an instrument is controverted, and that instrument is attested by a subscribing witness, the law requires that the subscribing witness, if he may be had, should be called to testify to the execution. It requires this because the parties have by their selection, appointed the witness to testify as to that matter and all its accompanying circumstances, and he must be presumed to know that matter and those circumstances better than any other person. But if there be no attesting witness, the disputed fact, like other disputed facts, may be established by any proof which is reasonably sufficient to produce conviction and which does not imply the holding back of more satisfactory testimony. The admissions of the instrument by the maker, and the identity of character between the signature and his general handwriting, are the ordinary proofs offered, but there is no principle which declares these to be the only admissible proofs. In the present case there is no reason to believe that either of these was attainable by the plaintiff. The defendant was not present when the note was received by the plaintiff: those who are stated to have seen it when in his possession, were ignorant of the defendant's handwriting. Tackett has run away, and if he were present the plaintiff might reasonably have been unwilling to examine him against his interest. The testimony offered is not therefore liable to objection, because better evidence was in the power of the plaintiff, and the only objection to it, if any, is that it was in itself so slight as not to warrant an inference from it of the disputed fact. But was it so slight? If believed it clearly established that the plaintiff had received a sealed note, which purported to be the joint and several bond of Tackett and the defendant, which was certainly executed by Tackett, and was taken by the plaintiff as the bond of both. It also (60) established that the defendant afterwards obtained from the plaintiff a bond of Tackett's, for the same amount upon an engagement to collect it, and that the defendant produced as the bond so obtained the identical instrument before referred to, but with the signature of the defendant cut off. Now this mutilation must have taken place either while the bond was held by the plaintiff or after it had been delivered by him to the defendant. If the name of the defendant had been taken away by the plaintiff before this delivery, it is difficult to imagine what *Page 48 
inducement the defendant could have had to apply for the possession of it, and undertake its collection; but if the instrument was then entire, the motive for this undertaking is obvious and strong. Again, the act of mutilation must have been prompted by a sense of interest. The plaintiff could have had no motive to commit it, whereas the defendant, after Tackett's failure, might have hoped thereby to escape from his liability for an insolvent principal. These were circumstances well fitted to aid the jury in coming to a conclusion of fact as to the person who made the mutilation; and if they convinced the jury that the defendant was the fraudulent spoilator the inference that he had executed the instrument became almost irresistible. Against such a spoilator all presumptions are fair.
It is the opinion of this Court that the nonsuit should be set aside and a new trial awarded.
PER CURIAM. Judgment reversed.